[No. 5364.]

# IN THE MATTER OF THE ESTATE OF ANDRES PICO.

ADOPTION OF ILLEGITIMATE CHILDREN.—Sec. 230 of the Civil Code, which provides for legitimizing an illegitimate child by acts of the father, *en pais*, applies only to illegitimate minor children.

LETTERS OF ADMINISTRATION.—An illegitimate child is not entitled to administer on the estate of his father as against a brother of the father.

APPEAL from the Probate Court, County of Los Angeles.

Andres Pico died in Los Angeles County on the 14th day of February, 1876. On the 23rd day of February, 1876, Romulo Pico, an illegitimate son of the deceased, petitioned the Probate Court for letters of administration on his estate. Pio Pico, a brother of the deceased, on the 25th of February, also petitioned for letters. Said Pio Pico also filed objections to the appointment of the son. Special issues were prepared and submitted to a jury. The jury found that the father did not acknowledge the son in writing, and that the son was over twenty-one years of age on the 1st day of January, 1873, when the Codes went into effect. Sec. 1387 of the Civil Code provides for the adoption of an illegitimate child by the father by an instrument in writing. The Court issued letters to the son, and Pio Pico appealed. The other facts are stated in the opinion.

*Glassell, Chapman & Smith,* and *J. G. Howard,* for the Appellant.

The word " children " in sub. 2, sec. 1365, Code Civil Procedure, means *legitimate* children.  An illegitimate child, though adopted by his father, as provided in sec. 230 Civil Code, is not entitled to administration upon the estate of his father. He cannot inherit from his father unless acknowledged in the manner prescribed in sec. 1387 Civil Code.

Sec. 230 Civil Code provides for and applies only to the adoption of a *minor*.

*Thom & Ross*, for the Respondent.

Suppose the respondent, Romulo, had only been twenty years old on the 1st day of January, 1873, when the law in question took effect! Being a minor, he would then come under the decision in this case, within the meaning and protection of sec. 230.

But *from what time* would he have been deemed *legitimate?* Certainly not from the date the Code took effect, but by the terms of the law itself—*from the time of his birth*—nearly twenty years anterior to the passage of the law.

Does not the statute, therefore, clearly show upon its face that it was intended to be retroactive, so as to embrace cases occurring before its adoption ?

If the Legislature had intended to limit sec. 230 to minors, would it not have said " the father of an illegitimate (*minor*) child, by publicly acknowledging it," etc., just as it said in the first section of the chapter : " any *minor* child may be adopted," etc. ?

By the COURT :

The question in this case is, whether an illegitimate son of Andres Pico, deceased, is entitled to letters of administration on his estate, as against a brother of the deceased. It is contended that the son, though admitted to have been illegitimate at the time of his birth, became legitimized by having been publicly acknowledged by the deceased as his son, having been received as such into his family and otherwise treated by the deceased as if he were a legitimate child, and was thereby adopted as

such in accordance with sec. 230 of the Civil Code. It appears from the verdict of the jury, on the special issues submitted to it, that on the 1st day of January, 1873, (when the Civil Code went into effect) the son was not then a minor, under the age of twenty-one years, having attained his majority before that time. It further appears from the special verdict that these acts of recognition and adoption were continued by the deceased after the 1st day of January, 1873, when the Code took effect. It is clear that the rights of the son must depend upon the construction to be placed on sec. 230 of the Civil Code, as it is not pretended that he became legitimate otherwise than in accordance with the provisions of that section. We see nothing in the statute to indicate that it was intended to be retroactive, so as to embrace cases occurring before the adoption of the Code ; and the general rule is, that statutes are to have only a prospective operation, unless a contrary intent clearly appears. Treating the statute as prospective only in its operation, the first question to be determined is, whether sec. 230 has any application except to the case of an illegitimate *minor* who has been adopted and recognized in the manner therein provided. The chapter in which this section is found is headed "Adoption," as indicating the general subject to which the chapter is devoted. The first section in the chapter provides that "any minor child may be adopted by an adult person in the cases and subject to the rules prescribed in this chapter." The next eight sections provide the cases in which and the method by which a minor child may be adopted by a person not its parent, and prescribe the relative rights and duties of the child and of the person adopting it. Up to this point it is clear that the whole chapter relates to *minor* children. Then comes sec. 230, in these words : "The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such ; and such child is thereupon deemed for all purposes legitimate from the time of its birth. The foregoing provisions of this chapter do not apply to such an adoption."

Except for the concluding words of the section, that " the

foregoing provisions of this chapter do not apply to such an adoption," it would be clear, beyond controversy, that this section, like all those which precede it in that chapter, had reference only to *minor* children. But, taking the whole chapter together, we are satisfied that when sec. 230 declares that " the foregoing *provisions* of this chapter do not apply to such an adoption," it refers only to the *procedure* by which the adoption may be effected. In the case of other children adopted by a stranger, the parties must appear before the County Judge, and the acts to be performed are specifically prescribed. But in the case of an illegitimate child adopted and recognized by its father, a different method is prescribed, and certain acts *en pais* are substituted for the proceedings before the County Judge. But it is only an illegitimate *minor* child which can be thus adopted by its father. Sec. 1387 of the Civil Code provides another method. by which an illegitimate child of any age may be legitimized for certain purposes, namely, by an instrument in writing, signed in the presence of a competent witness, by the father, acknowledging himself to be the father of such child. But sec. 230 can only be invoked in the case of a *minor* illegitimate child.

Judgment and order reversed and cause remanded, with an order to the Court below to dismiss the petition of Romulo Pico.