## GARNER v. JUDD.*

### S. F. No. 2361; May 4, 1901.

#### 64 Pac. 1076.

Administrator—Father of Illegitimate.—Under Civil Code, section 230, providing that the father of an illegitimate child, by publicly acknowledging it as his own and receiving it into his family, adopts it and makes it, for all purposes, legitimate from the time of its birth, the acknowledging of an illegitimate child by a father without receiving it into his family is not sufficient for its adoption, and such child can confer no right to administer her father's estate.[1]

APPEAL from Superior Court, Humboldt County; G. W. Hunter, Judge.

Proceeding by Georgina Garner, in the matter of the estate of William Goodman, deceased, for letters of administration, against A. R. Judd. From a judgment in favor of petitioner and an order denying a motion for a new trial defendant appeals. Affirmed.

Henry L. Ford, E. M. Frost and L. M. Burnell for appellant; Mahan & Mahan for respondent.

McFARLAND, J.—This is a contest for letters of administration of the estate of William Goodman, deceased, between Georgina Garner, a niece of defendant, and A. R. Judd, who claims under a written request of one Maggie Goodman-Phillips, an illegitimate daughter of decedent. Judgment

---

*For subsequent opinion in bank, see 136 Cal. 394, 68 Pac. 1026.

[1] Cited, with approval, in connection with the enforcement of a statute in Oklahoma similar to the California statute, in Allison v. Bryan, 21 Okl. 563, 17 Ann. Cas. 468, 18 L. R. A., N. S., 93, 97 Pac. 284. That was an application, by way of habeas corpus, by the mother of the child for its custody; and the question arising whether a man can be said to receive a child into "his family" without its being made to appear affirmatively that the woman he is living with is his wife, the court's opinion was that his holding out such woman to be his wife was sufficient.

Cited, with approval, in Allison v. Bryan, 21 Okl. 564, 18 L. R. A., N. S., 93, 97 Pac. 284, and discussed at length, particularly in respect of the necessity of a reception by the father into his home.

went for Garner, and from the judgment and an order denying a motion for a new trial Judd appealed.

The only question in the case is whether or not the said Maggie was adopted and rendered legitimate under the provisions of section 230 of the Civil Code, which is as follows: "The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such a child is thereupon deemed for all purposes legitimate from the time of its birth. The foregoing provisions of this chapter do not apply to such an adoption." Maggie was the illegitimate daughter of an Indian woman named Mary; and the court found that at the time of her birth, in 1878, and from 1874 to 1879, the decedent, Goodman, had a family, and was living with his family, and with another Indian woman, named Annie, as his wife; that he acknowledged Maggie as his child, "but he did not receive her as such into his family, or otherwise treat her as if she was a legitimate child during her minority." It is quite clear that the evidence supports the finding that "he did not receive her as such into his family" during her minority, and, this being so, the judgment must be affirmed. Section 230 applies only to minors: In re Pico's Estate, 52 Cal. 84. It is contended that the findings that Goodman had a family and lived with Annie as his wife are unwarranted by the evidence, but we need not inquire into the correctness of these findings. If he had a family, then he must have received Maggie into it, in order to adopt her under section 230. If he had no family, then the section had no application to the case. If he had no family, of course, he did not take her into it, and therefore did not comply with the section in question. Whether or not an unmarried man can establish a family, within the meaning of the code, by taking an illegitimate child to live with him in a home provided for that purpose, is a question not here involved. If a man who has no family, and makes no attempt to have one, desires to adopt an illegitimate child, he can do so by a written acknowledgment under section 1387 of the Civil Code, and not otherwise. There can be no compliance with section 230 in the absence of the conditions contemplated by that section, and absolutely necessary to give it effect. There is nothing contrary to this conclusion decided

in Blythe v. Ayers, 96 Cal. 552, 19 L. R. A. 40, 31 Pac. 915. The part of the opinion in that case relied on by appellant was concurred in by only three of the judges participating in the decision, and was dissented from by the others, and the judgment was affirmed by the court upon the ground that there had been a compliance with section 1387. In Re Jessup's Estate, 81 Cal. 408, 6 L. R. A. 594, 21 Pac. 976, 22 Pac. 742, 1028, there is an expression favorable to appellant's contention in an opinion concurred in by four of the justices; but that expression was entirely unnecessary to the decision of the case, and one of the four justices afterward expressed the opinion that it was erroneous. It cannot, therefore, be taken as authority on the question: See Blythe v. Ayres. 96 Cal. 593, 19 L. R. A. 40, 31 Pac. 915. The judgment and order appealed from are affirmed.

We concur: Temple, J.; Henshaw, J.