[L. A. No. 818.   Department Two. — August 2, 1901.]

TIMOTHY O'LEARY, Respondent, v. ZERAH CASTLE et al., Appellants.

NEW TRIAL — INSUFFICIENCY OF EVIDENCE — SPECIFICATIONS. — On a motion for a new trial, the insufficiency of the evidence to justify the decision will not be considered, when the statement used on the motion fails to specify the particulars in which the evidence is alleged to be insufficient.

ID. — UNAUTHENTICATED DOCUMENT. — A paper printed in the record on appeal, which appears to be a copy of certain specifications as to alleged insufficiency, but which is not made part of the statement, and is wholly without authentication, and signed by the appellants' attorneys only, cannot be considered as part of the statement or record.

ID. — MISJOINDER — FINDING. — A finding that there was no misjoinder of defendants will be presumed to be supported by the evidence, in the absence of any specification of insufficiency.

APPEAL from a judgment of the Superior Court of Kern County and from an order refusing a new trial.   J. W. Mahon, Judge.

The facts are stated in the opinion.

W. A. Harris, and L. R. Garrett, for Appellants.

Charles L. Batcheller, for Respondent.

COOPER, C.—This action was brought to recover two thousand dollars, balance claimed to be due plaintiff upon a written contract for services in the development of certain mines, upon a contingent contract providing for such payment in case of the said mines being sold.

Findings were filed, upon which judgment was entered for plaintiff. Appellants made a motion for a new trial, which was denied, and this appeal is from the judgment and order, upon the judgment roll and a statement on motion for new trial. It is claimed that certain findings are not supported by the evidence, but we cannot examine this question on the record here presented. The code provides that when the notice of motion for new trial designates as the ground of the motion the insufficiency of the evidence to justify the decision, "the statement shall specify the particulars in which such evidence is alleged to be insufficient." (Code Civ. Proc., sec. 659.)

In this case the statement contains no specification whatever. It was settled June 3, 1899. There is printed in the record what appears to be a copy of certain specifications as to the alleged insufficiency, but it is no part of the statement, is wholly without authentication, and is signed by appellants' attorneys only. It is marked "Filed June 12, 1899." This paper is no part of the statement or record.

It is also argued that the appellants were improperly joined with the other defendants in the action. The court found that there was no misjoinder, and we must presume that the finding is supported by the evidence, in the absence of any specification of insufficiency.

The judgment is the legal conclusion from the facts found. The court found that the said two thousand dollars is wholly unpaid, and that appellants are indebted to plaintiff for said amount.

The judgment and order should be affirmed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.