[S. F. No. 2680.   Department One.—January 21, 1902.]

|135   385|
|'6137  303|

In the Matter of the Estate of WARREN D. HEATON, Deceased.   CHARLES W. PALM, Appellant.   JENNIE M. HEATON, Respondent.

Estates of Deceased Persons—Contest for Letters—Legitimation of Illegitimate Daughter—Reversal of Order.—Where upon a contest for letters of administration upon the estate of a deceased person letters were issued to the respondent, as being the illegitimate daughter of the deceased, who is found to have been legitimated under section 230 of the Civil Code, the order appointing her will be reversed for error in the admission of' evidence upon that question.

Id.—Evidence of Paternity and Illegitimacy—Declarations of Deceased—Membership in ·Family.—Where proof *aliunde* has been given of membership in the family of the deceased, evidence of the declarations of the deceased as to the facts of paternity and illegitimacy of the daughter are admissible as evidence of those facts, under section 1852 of the Code of Civil Procedure.

Id.—Declarations Made after Majority of Daughter—Public Acknowledgment.—Declarations made after the majority of the daughter are admissible on the question of paternity, but not to prove or constitute the public acknowledgment required to be made when she was a minor.

Id.—General Reputation not Admissible.—Paternity cannot be proved by general reputation; and it was error to admit proof that, according to the general reputation in the community where she resided, the respondent was the daughter of the deceased person claimed as her father. It is only the common reputation in the family, and not the common reputation in the community, that is admissible on questions of pedigree.

Id.—Consent of Wife—Knowledge of Paternity and Illegitimacy.—The consent of the wife provided for in section 230 must be based upon knowledge of the facts that the child received into the family is the illegitimate offspring of her husband.

APPEAL from an order of the Superior Court of Alameda County granting letters of administration upon the estate of a deceased person.   W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Edwin A. Meserve, and Henry C. McPike, for Appellant.

CXXXV. Cal.—25

Frederick E. Whitney, and Reed & Nusbaumer, for Respondent.

GAROUTTE, J.—This appeal arises out of a contest for letters of administration. Letters were awarded to respondent, Jennie M. Heaton, upon the ground that she was the daughter of deceased, the court holding that she was the illegitimate daughter of deceased, Warren D. Heaton, legitimated under the provisions of section 230 of the Civil Code. That section reads: "The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth." The findings of fact are to the effect that a compliance was had with the provisions of the aforesaid section.

It is first contended that the court committed an error of law in admitting in evidence the declarations of Warren D. Heaton, the alleged father, to the effect that he was the father of Jennie M. Heaton. One of the facts absolutely necessary to support the claim of legitimation is that Warren D. Heaton was the father of Jennie. Jennie came to the family of Mrs. Ruth May when but an infant. A few years later Heaton and Mrs. May were married. Thereafter Jennie became a member of the family of Warren D. Heaton and his wife. Being a member of their family, the declarations of either were competent and relevant evidence upon the question of Jennie's paternity. Section 1852 of the Code of Civil Procedure reads: "The declaration, act, or omission of a member of a family, who is a decedent, or out of the jurisdiction, is also admissible as evidence of common reputation, in cases where, on questions of pedigree, such reputation is admissible." Under the authority found in this section, the declarations of Warren D. Heaton, he being deceased at the time of the trial, were admissible for the purpose of proving the paternity of Jennie. They were likewise admissible for the purpose of proving the illegitimacy of Jennie. *Pearson* v. *Pearson,* 46 Cal. 609, appears to be directly in point. In that case the recitals in the will of the deceased constituted the only evidence tending to prove that the defendant Laura was the wife and the minor defendants were

the legitimate children of the testator. These matters were vital questions of fact in the litigation before the court, and, after careful consideration, this court held that such recitals were sufficient evidence to establish those facts, the court there saying: "It cannot be denied that in an issue touching the legitimacy of the children, the parents, if living, would be competent witnesses to prove the marriage, and I think it is equally clear, both on reason and authority, that after the death of the parent, his admissions are likewise competent for the same purpose, and, if the oral admissions would be competent, written declarations would be entitled to at least as much weight." *Pearson* v. *Pearson,* 46 Cal. 609, goes to the extent of holding that declarations of the deceased father, Warren D. Heaton, to the effect that his daughter was an illegitimate daughter, are admissible in evidence. The evidence thus being sufficient to show Jennie M. Heaton to be the illegitimate daughter of Warren D. Heaton, deceased, and she being a minor when taken into his family,—namely, at the date of his marriage to Mrs. Ruth May,—she at that time had the capacity to be legitimated under the provisions of the aforesaid section of the Civil Code, for that section refers to illegitimate minor children of a father whose acts looking to their legitimation are enumerated therein. (*Estate of Pico,* 52 Cal. 84.)

The declarations of any deceased member of Heaton's family were admissible, either as to the paternity or the legitimacy of Jennie, and this being so, necessarily Heaton's own declarations were likewise admissible. Many cases are cited in appellant's brief to the point that the relationship must be established by extrinsic proof before the declarant's declarations become admissible. In this case it was established by extrinsic evidence that Jennie was a member of Heaton's family, and that fact being shown *aliunde,* his declarations became admissible upon the question of paternity and legitimacy. The cases cited would be in point if it had been attempted to be proven in this case by Heaton's own declarations that he and Jennie were members of the same family.

It is next insisted that the court committed an error of law in admitting the declarations of the deceased, Warren D. Heaton, made to the butcher, baker, etc., after Jennie arrived at majority, as to her paternity. Those declarations were not competent evidence as constituting the public acknowledgment

of his daughter required by the aforesaid section 230: For they were acts done by him after she ceased to be a minor, and the acts which go to constitute a legitimation must be done while the child is a minor. (*Estate of Pico,* 52 Cal. 84.) But those declarations were competent and material for the purpose of establishing the paternity of Jennie, and upon that ground they were admissible in evidence.

The court committed error in admitting evidence to the effect that, according to general reputation in the community where Jennie resided, she was the daughter of Warren D. Heaton. Paternity cannot be established by general reputation in a community. If this could be done, the gossips of a neighborhood could soon create the relation of father and child, and that, too, without the slightest knowledge of the fact upon the part of either the man or the child. Section 1870 of the Code of Civil Procedure provides: "In conformity with the preceding provisions, evidence may be given upon a trial of the following facts: . . . 11. Common reputation existing previous to the controversy, respecting facts of a public or general interest more than thirty years old, and in cases of pedigree and boundary." Cases are few where it has been held that pedigree may be established by common reputation in the neighborhood, and the aforesaid section of the code never was intended to broaden the common-law rule upon this question. By that rule common reputation was limited to the family, and reading subdivision 11 of section 1870 in conjunction with section 1852, heretofore quoted, we are satisfied that the two sections only contemplate a restatement of the common-law principle,—viz., declarations going to establish pedigree must be the declarations of members of the family. It is the general repute, the common reputation in the family, and not the common reputation in the community, that is a material element of evidence going to establish pedigree. To hold otherwise would countenance a rule which could easily be turned to the accomplishment of great wrong and injustice.

The contention is made that there is no evidence in the record indicating that Mrs. Heaton knew Jennie to be the illegitimate daughter of Warren D. Heaton. The consent of the wife referred to in section 230 must be based upon a full knowledge of the facts. In other words, the consent which the section contemplates must be a consent given after knowledge is brought

home to the wife that the child is the illegitimate offspring of her husband. Here there is no specification of insufficiency of evidence to support the finding of fact in this particular, and for that reason the point raised will not be decided.

For the foregoing reasons the order is reversed.

Harrison, J., and Van Dyke, J., concurred.