[Civ. No. 481.  Third Appellate District.—November 30, 1908.]

## GEORGE HENDERSON, Respondent, v. WILLIAM PERROTT, Appellant.

ACTION FOR BROKER'S COMMISSION—ISSUES—EXISTENCE OF TIME LIMIT—SINGLE SPECIFICATION—IMPLIED FINDINGS NOT REVIEWED.—In an action to recover a broker's commission upon the sale of real estate for finding one ready and willing to purchase, in which defendant pleaded the statute of frauds, and that there was a time limit of sixty days and that the purchaser was not found within that limit, but the action was tried upon the theory that the existence or nonexistence of the time limit was determinative of the case, and the only specification of insufficiency of the evidence to justify the verdict for the plaintiff was as to the finding that there was no time limit, that is the only finding implied by the verdict which will be reviewed upon appeal.

ID.—SUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT AGAINST TIME LIMIT
—CONFLICT—NUMBER OF WITNESSES—CONCLUSIVENESS OF VERDICT.
*Held,* that when the evidence adduced upon the trial was conflicting
upon the question as to the existence of a time limit, and the evi-
dence for the plaintiff is sufficient to support the verdict for the
plaintiff that there was no time limit, it is immaterial that a pre-
ponderance in number of witnesses for defendant testified to the
contrary. The credibility of the witnesses was to be determined by
the jury, which was not required to find according to the number
of witnesses, and its verdict is conclusive upon appeal.

APPEAL from a judgment of the Superior Court of Hum-
boldt County, and from an order denying a new trial.   E. W.
Wilson, Judge.

The facts are stated in the opinion of the court.

J. H. G. Weaver, and W. Ernest Dickson, for Appellant.

F. A. Cutler, for Respondent.

CHIPMAN, P. J.—This is an action to recover commis-
sions for the sale of land. Plaintiff had judgment, from
which, and from the order denying his motion for a new
trial, defendant appeals.

The complaint avers: "That on or about October 1, 1905,
defendant and one G. R. Georgeson, then being the owners
in common of 3494 acres of timber lands situate in Humboldt
county, entered into an agreement with plaintiff, whereby
they agreed that if plaintiff should find a purchaser for said
lands, at the agreed price of $25.00 per acre, they would pay
to plaintiff, as a commission, the sum of $1.00 per acre on said
lands"; that thereafter Georgeson "sold his individual one-
half interest in said lands to one John C. Bull, Jr., who
purchased the same with knowledge of said agreement and
its terms"; that thereafter plaintiff secured a purchaser in
the person of one Hickey, at the agreed price, and on Decem-
ber 8, 1906, said Hickey purchased of said defendant and said
Bull the said lands, paying therefor the sum of $25 per acre
and the said Bull paid to plaintiff $1747.47, the same being
due plaintiff from said Bull as owner of the undivided one-
half of said lands; that defendant refused, and still refuses,

to pay plaintiff the sum of $1,747.47 as commissions due from defendant to plaintiff for selling said land.

Defendant denied specifically the averments of the complaint; "and in that behalf avers that defendant and one G. R. Georgeson entered into a contract with plaintiff whereby plaintiff was to have a commission from the sale of said timber lands in Humboldt county provided said plaintiff sold said lands within a limited time, and defendant further avers that said plaintiff did not sell said land within the time limited."

As a separate defense it is averred that the agreement sued upon is invalid under section 1624 of the Civil Code, because not in writing, and denied having entered into any agreement in writing or having made any note or memorandum in writing relating to the sale of said lands.

The cause was tried by a jury and a verdict was rendered for $1,747.47, with interest from the day of sale of said lands. There were two interrogatories given the jury to be passed upon, as follows:

"Q. Was there a time limit to the agreement sued upon? Answer. No. Q. If you find that there was such a time limit was the purchaser produced in time? Answer (left unanswered)."

Thereupon the court entered judgment pursuant to the verdict.

Plaintiff testified that the agreement sued upon was in writing and signed by Georgeson and Perrott, by the terms of which plaintiff was to receive $1 per acre for the land mentioned in the complaint upon his having found a purchaser therefor, and that there was no limit of time within which the option was to be exercised. It appeared that after the agreement was signed plaintiff took it and certain maps descriptive of the property to San Francisco and placed them in the keeping of P. Rothermel, who was to assist in finding a purchaser, and was to have some interest with plaintiff in the commissions in case of sale; that some time thereafter, in the great fire of April 18th, 19th and 20th, 1906, which occurred in that city, these papers were destroyed. Rothermel corroborated plaintiff as to the loss of the documents and also as to signatures and the provisions of the option agreement. Plaintiff testified to the sale of Georgeson's interest in the land to Bull and Bull's knowledge of the contract and payment by Bull of one-half of the commissions. Rothermel

testified that Hickey, the purchaser of the land, knew nothing about its being for sale until he, through plaintiff, called his attention to it, and that he, Rothermel, sold the land to Hickey. Hickey testified that his attention was called to the land through Rothermel. He testified: "I made two visits to Humboldt County to inspect these lands pursuant to Rothermel's presentation of them to me who claimed to be acting with George Henderson. I had two or three conversations with Mr. Henderson relating to the sale of these lands. I did not know they were for sale before Mr. Rothermel told me about them. I never met Mr. Bull, Mr. Perrott or Mr. Georgeson in connection with the sale of this land until Mr. Rothermel and Mr. Henderson interested me in the purchase of the same. It was through their efforts that I opened negotiations to purchase the same." The acreage conveyed to Hickey was 3,494.95 acres.

Appellant makes no point as to any rulings of the court in the admission or rejection of evidence; nor of any other ruling except on his motion for judgment of nonsuit at the close of plaintiff's evidence. In his brief, however, appellant states two grounds only on which reversal is asked, namely: (1) that the verdict and special finding of the jury are not sustained by the evidence; (2) that the court abused its discretion in denying defendant's motion for a new trial. The evidence is discussed in its entirety and not at all with reference to the motion for nonsuit. We shall so treat the matter.

The only specification is as follows: "The evidence is insufficient to justify the verdict and the special findings of the jury in that the evidence shows without any substantial conflict that the option given to the plaintiff was to be performed within a limited time, not to exceed sixty days after the same was given; in other words, it contained a time limit of not to exceed sixty days, and that it expired prior to March 8, 1906."

In point of fact the controversy at the trial was narrowed down to the single question whether or not the option contained a time limit; the answer of defendant presents this as the chief defense; and this is the sole question to which the specification of insufficiency of the evidence is directed, and is the only finding implied by the verdict which will be reviewed. (*Citizens' Bank* v. *Jones,* 121 Cal. 32, [53 Pac.

354]; *O'Leary* v. *Castle,* 133 Cal. 508, [65 Pac. 950]; *Heaton's Estate,* 135 Cal. 385, [67 Pac. 321].)

The testimony is in sharp conflict upon the point as to a time limit in the contract. If the matter were to be determined alone by the preponderance of the *witnesses* a different verdict might well have been given. But this is not a test by which the appellate court must be governed, nor indeed was the jury bound by it. It was the function of the jury to reconcile any conflict in the testimony. This case does not fall within the rule of the cases cited by appellant where the appellate court has said that it might pass upon the evidence when conflicting. There was some testimony submitted by defendant tending to show that the Redwood Land and Investment Company signed the option which was contradictory of plaintiff's testimony, submitted by plaintiff, that it was signed only by Georgeson and Perrott, and this testimony might in some degree have borne upon the question of plaintiff's truthfulness in testifying to the issue of a time limit in the option, but of this the jury were the exclusive judges. There was also some evidence, much commented upon by defendant, to the effect that there was but one contract, and that it called for 7,000 acres instead of the acreage mentioned in the complaint, which also, it is claimed, tended to prove the untruthfulness of plaintiff's testimony. It appeared, however, that this tract of 7,000 acres included the Georgeson and Perrott land and other lands belonging to the Redwood Land and Investment Company, but that the Georgeson and Perrott land was owned separately from that of the company. They had agreed between themselves that neither should sell except by consent of the other. Title to the exact acreage, for the sale of which a verdict was given, was, however, made to Hickey by Perrott and Bull, the latter being Georgeson's successor in interest, and these are the lands Hickey bought upon plaintiff's representations. This collateral evidence was introduced apparently to discredit plaintiff and to show the improbability of his testimony. Whatever its weight or effect, the jury resolved it, and we cannot interfere with their conclusion.

The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.