[Civ. No. 46900. Second Dist., Div. Five. June 30, 1976.]

SIDNEY C. JACKSON, SR., Plaintiff and Appellant, v.
CAROLYN BANISTER WALLACE, Defendant and Respondent.

**COUNSEL**

Matthew C. Long for Plaintiff and Appellant.

Herman A. English, Sr., for Defendant and Respondent.

**OPINION**

**ASHBY, J.**—This is an appeal by plaintiff from a judgment for defendant.

Plaintiff married Diedre Jackson in 1967. Four to six months later she left him. They never resumed a husband and wife relationship after that time. Plaintiff never obtained a divorce from Diedre.

On May 31, 1974, plaintiff filed a complaint alleging that from 1969 to June 9, 1973, plaintiff and defendant, Carolyn Banister Wallace, cohabited as husband and wife in Los Angeles.[1] Two children were born to them during that period of time; Sidney C. Jackson, Jr., was born on February 24, 1970, and Orlando Forrest Jackson, born on August 13, 1971. During the period of time from February 24, 1970, to June 9, 1973, plaintiff represented defendant as his wife and Sidney, Jr., and Orlando as his children. In the prayer portion of the complaint, plaintiff requested (1) that Sidney C. Jackson, Jr., and Orlando Jackson be declared legitimate within the provisions of Civil Code section 230; (2) that reasonable visitation rights be granted the plaintiff; and (3) that plaintiff be permitted to contribute to the support of the minor children, Sidney C. Jackson, Jr., and Orlando Jackson.

The matter was heard on October 3, 1974. The evidence showed that plaintiff publicly acknowledged the children as his own. However, there was no evidence that Diedre Jackson, who was still plaintiff's legal wife, had consented to receive the children into the family, as required by the language of Civil Code section 230, or, since she and plaintiff had not lived together since 1967, that she was even aware of the existence of the children.

The trial court held that "there has been no legitimation of these children under Civil Code Section 230; that there is no right of visitation or support without the consent of the Respondent in this matter, and the judgment is granted in favor of the Defendant."[2]

### Discussion

■ The requirements of Civil Code section 230 were not met by plaintiff.

Section 230 provided: "The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, *with the consent of his*

[1]Also on May 31, 1974, case number AD87116, an adoption action, was filed by defendant's husband, Allen Searl Wallace, Jr.

[2]At the conclusion of her argument, counsel for defendant orally moved for a nonsuit. The trial court did not rule on the motion, but rather rendered judgment for defendant.

*wife, if he is married,* into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth. The foregoing provisions of this chapter do not apply to such an adoption." (Italics added.)

The language of section 230 has been strictly construed by the courts. In *Darwin* v. *Ganger,* 174 Cal.App.2d 63 [344 P.2d 353], at page 72, the court held "when a man is married, his power to legitimize the offspring of his meretricious relationship is expressly limited by the terms of the statute. His wife must *consent* to the reception into the family of the offspring with knowledge of the illegitimacy. (*Estate of Flood,* 217 Cal. 763, 767 [21 P.2d 579]; see *Estate of Heaton,* 135 Cal. 385, 388-389 [67 P. 321].) Although the father of a child has lived separate and apart from his lawful wife for years, and has lived continuously with another woman with whom he maintained a settled and fixed home, he cannot legitimize the issue of his meretricious relationship by a course of conduct otherwise complying with the provisions of Civil Code, section 230. (*Laugenour* v. *Fogg,* 48 Cal.App.2d 848 [120 P.2d 690].)" (Italics in original.)

The Supreme Court adopted the *Darwin* rule in *Adoption of Graham,* 58 Cal.2d 899 [27 Cal.Rptr. 163, 377 P.2d 275], at page 906, where the court stated: "Appellants, in seeking to establish that Frederick had legitimated the children, also contend that Jessie's consent to Frederick's acceptance of the children into his home was unnecessary for the reason that Jessie and Frederick, although still married, were permanently separated. (See 2 Armstrong, California Family Law, p. 939.) Section 230 of the Civil Code does not leave room for judical [*sic*] modification thereof in language which provides for legitimation of a child by a father by 'receiving it as such, with the consent of his wife, if he is married, into his family.' " The court went on to quote language from *Darwin, supra.*

There was no evidence in the record that Diedre consented to receive the children into the family. Therefore it is clear that the requirements of section 230 have not been met and that the determination of the trial court on the evidence which it had before it was correct. ■ However, there is another problem which must be considered.

In his brief plaintiff states that "[s]hould the Court grant Plaintiff the opportunity to present additionaly [*sic*] discovered evidence, such evidence will conclusively establish the legitimacy of the children. [¶]

Both Plaintiff and Defendant failed to disclose to their respective counsels that the parties entered into a bigamous marriage in Las Vegas, Nevada, on March 22, 1969." If in fact plaintiff and defendant were married in Nevada as plaintiff alleges,[3] then under the provisions of Civil Code sections 195 and 4453[4] their children are legitimate even though the Nevada marriage was bigamous. (See *Estate of Filtzer,* 33 Cal.2d 776 [205 P.2d 377].)

Prior to oral argument the parties were notified that this court would reconsider plaintiff's previously denied motion to produce new evidence.[5] The matter was argued along with the merits of the appeal. Defendant opposed the motion, but after being given the opportunity to contest[6] the authenticity of the certified copy of a certificate of marriage showing that plaintiff and defendant were in fact married in Clark County, Nevada, on March 22, 1969, she failed to do so.

Under the provisions of Code of Civil Procedure section 909 and rule 23(b) of California Rules of Court, we grant plaintiff's motion to produce new evidence and we consider the evidence that plaintiff and defendant were married in 1969.

Clearly plaintiff misled the trial court by invoking its jurisdiction in this matter without disclosing the fact of the Nevada marriage. Nevertheless, this cannot be permitted to prejudice the interests of the children by creating a doubt as to their legitimacy. The existence of the Nevada marriage, even though bigamous, has the effect of making the children of

---

[3]As an exhibit to the motion for leave to produce new evidence, plaintiff included a certified copy of the marriage certificate which shows that plaintiff and defendant were married on 22 March 1969 in Clark County, Nevada.

[4]Civil Code section 195 provided in pertinent part: "The issue of a marriage which is void, invalid, adjudged a nullity, or dissolved by a judgment decreeing the dissolution of the marriage is legitimate."

Civil Code section 4453 provided: "The issue of a void or voidable marriage is legitimate, and a judgment of nullity does not affect the legitimacy of children conceived or born before the issuance of such judgment. The court may, during the pendency of proceedings to have a marriage adjudged a nullity, or at any time thereafter, make such orders for the care, maintenance and support of such children in the same manner as if the marriage had not been void or voidable."

Both of the above sections were repealed by Statutes 1975, chapter 1244.

[5]Plaintiff's motion for leave to produce new evidence was denied by us on December 23, 1975.

[6]Defendant was given 14 days in which to bring to the court's attention any evidence which could show that plaintiff and defendant had not been married as indicated by the certificate of marriage. Submission of the case was deferred until defendant indicated that no evidence would be presented.

that marriage legitimate. The fact that plaintiff sought to have their status declared by the court under Civil Code section 230, and the trial court properly on the evidence before it rendered judgment for defendant in that action, does not detract from the legitimate status of the children. The action under section 230 was unnecessary, and neither it nor the judgment rendered on it has any effect on the status of the children. Although the trial court was correct in denying plaintiff a declaration of legitimacy based on the evidence before it, the judgment of the court was based on the false premise that the children were not legitimate, and for that reason must be reversed.[7]

Plaintiff's right to visitation and his obligation to contribute to the support of the children must be considered and determined by the trial court. Therefore this matter is reversed and remanded to the trial court for further proceedings consistent with this opinion.

The parties to pay their own costs.

Kaus, P. J., and Stephens, J., concurred.

---

[7]We note that since the trial of the instant case the Uniform Parentage Act was enacted by Statutes 1975. chapter 1244, which eliminates the concept of illegitimacy from the parent-child relationship. Civil Code section 7002 now provides: "The parent and child relationship extends equally to every child and to every parent, regardless of the marital status of the parents." Chapter 1244 also repealed various code sections relating to parent and child relationships, including Civil Code section 230.