**IN THE MATTER OF THE LEGITIMATION OF LILLIAN MATHILDA WILLIAMS**

Family No. L1/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 28, 1979

Desmond L. Maynard, Esq., St. Thomas, V.I., *for petitioner*

FEUERZEIG, *Judge*

### MEMORANDUM OPINION

This matter is before the court on the petition of Jacob Mortimer Warner for legitimation of his daughter Lillian Mathilda Williams.[1] While Ms. Williams was born Octo-

---

[1] While no judicial procedure for seeking or ordering legitimation is established, the court has jurisdiction pursuant to 4 V.I.C. § 76(a). The court also has power pursuant to 4 V.I.C. § 83 to "make all orders necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law."

ber 6, 1938, and thus is no longer a minor, petitioner states that he "provided, as needed, financial and other support" for Ms. Williams "during the entire period of her minority." Petitioner further states that he wishes to legitimate his daughter to enhance her inheritance rights and to further cement the existing father-daughter relationship.

Legitimation of a "child" can be accomplished by certain actions of the child's father pursuant to 16 V.I.C. § 462, which provides:

> The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth.

Because the petitioner seeks legitimation of his 41-year-old daughter, the court must determine whether section 462 applies to adults as well as children. The court concludes that it does.

■ Although 16 V.I.C. § 462 provides for the legitimation of a child, neither that section nor any other section of Title 16 of the Virgin Islands Code provides a definition of child. Words, however, are to "be construed according to the common and approved usage of the English language." 1 V.I.C. § 42. The word child has many meanings,[2] but there are two generally understood meanings—one that denotes a relationship, i.e., mother-son, mother-daughter, and the other that denotes minority. In the Matter of the Adoption of Williams, 14 V.I. 141, 145 (Terr. Ct. 1977),

---

[2] "Child" is defined in Webster's New World Dictionary of the American Language at 247 (2d ed. 1976) in several different ways:

1. an infant; baby 2. an unborn offspring 3. a boy or girl in the period before puberty 4. a son or daughter 5. a descendant 6. a person like a child in interests, judgment, etc., or one regarded as immature or childish 7. a person regarded as a product of a specified place, time, etc. [a *child* of the Renaissance] 8. a thing that springs from a specified source; product [a child of one's imagination] 9. [Archaic] *same as* CHILDE 10. [Brit. Dial.] a female infant.

citing Sheffield et al. v. Franklin, 151 Ala. 492, 44 So. 373 (S.Ct. 1907).

■ This court is of the belief that the meaning that denotes a relationship is most appropriate in construing child in the context of 16 V.I.C. § 462. First, it must be understood that legitimation alters the legal status of a person. Thus, while legitimation most commonly occurs during a person's minority,[3] the benefits that flow from this status as well as the responsibilities that are incurred are not limited to an individual's minority. For example, a parent's obligation to support a legitimized child may or may not end when the child attains majority. The legitimized child's obligation to support the parent, however, may only begin when the child attains majority.[4] In addition, inheritance rights that are conferred by modern statutes upon a legitimate child are not restricted to the period of a child's majority.[5]

The court's determination that 16 V.I.C. § 462 applies to the legitimation of adults is not premised, however, solely on the meaning of the word child. Section 462 is based on and is virtually identical to section 230 of the Civil Code of California, Cal. Civ. Code § 230 (West 1970).[6] Consequently, the court turns to the cases interpreting the California statute because in the Virgin Islands

---

[3] In the Matter of the Adoption of Williams, 14 V.I. 141, 145 (Terr. Ct. 1977), held that the Virgin Islands adoption law, 16 V.I.C. § 141 et seq., which uses "child" and "person" interchangeably, permits the adoption of adults as well as minors.

[4] Common law did not recognize an obligation on the part of an adult child to support a parent. Modern support statutes, however, often obligate an adult child to support a parent in order to relieve the state of that duty. 59 Am.Jur.2d Parent & Child §§ 104, 105 (1971). See, e.g., 16 V.I.C. § 342(a)(3) and (5).

[5] See, e.g., 15 V.I.C. § 84(13), note 9, infra.

[6] Section 230 of the Civil Code of California provides:
The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth. The foregoing provisions of this chapter do not apply to such an adoption.

[t]he language of a Virgin Islands statute which has been taken from the statutes of another jurisdiction is to be construed to mean what the highest court of the jurisdiction from which it was taken had, prior to its enactment in the Virgin Islands, construed it to mean.[7]

Early cases construing section 230 of the California Civil Code relied on Estate of Pico, 52 Cal. 84 (1877), which held that it was applicable only to minor children. See, e.g., Estate of Heaton, 135 Cal. 385, 387, 67 P. 321, 322 (1902); In re Jessup, 81 Cal. 408, 421, 21 P. 976, 980, 22 P. 742, 745 (1889). The Supreme Court of California, however, expressly overruled Estate of Pico, supra, and disapproved dicta in subsequent cases based on Estate of Pico. In re Lund's Estate, 26 Cal. 472, 159 P.2d 643 (1945) (hereinafter Lund's Estate). After examining the common law and the state's policy regarding legitimation, the California Supreme Court concluded that § 230 applies to the legitimation of adults.[8]

---

[7] Berkeley v. West Indies Enterprises, Inc., 10 V.I. 619, 625, 580 F.2d 1088, 1092 (3d Cir. 1973); see also Paiewonsky v. Paiewonsky, 8 V.I. 421, 466 F.2d 178 (3d Cir. 1971); Williams v. Dowling, 4 V.I. 465, 318 F.2d 642 (3d Cir. 1963); Hendry v. Hendry, 14 V.I. 610 (Terr. Ct. 1978); Dublin v. Virgin Islands Telephone Co., 15 V.I. 214 (Terr. Ct. 1978). Decisions subsequent to the enactment of such statutes in the Virgin Islands are persuasive, but not controlling. See Cirino v. Hess Oil Virgin Islands Corp., 9 V.I. 518, 384 F.Supp. 621 (D.V.I. 1973); Hendry v. Hendry, supra, cf. Cintron v. Bermudez, 6 V.I. 692 (D.V.I. 1968). Title 16 V.I.C. § 462 was enacted on May 16, 1957, with the adoption of the Virgin Islands Code.

[8] In Estate of Pico, 52 Cal. 84 (1877), overruled by the court in Lund's Estate, the Supreme Court of California found § 230 applicable only to minors. This holding evidently was based on principles of statutory construction because § 230 appeared in a chapter headed "Children by Adoption." The first section of that chapter provided that "any *minor* child may be adopted by any adult person, in the cases subject to the rules prescribed in this chapter." (Emphasis added.) The court therefore construed "child" in § 230 to mean "minor" child. In reaching that conclusion, the court completely disregarded the last sentence of § 230, which provided "The foregoing provisions of this chapter do not apply to such an adoption." In overruling Estate of Pico, supra, and its progeny, the court in Lund's Estate focused on the state's policy regarding legitimation and reconstrued § 230 in light of that last sentence. A comparison of 16 V.I.C. § 462 with California's § 230 reveals, however, that the Virgin Islands statute is not plagued by the apparent statutory construction problem that confronted the California courts. Title 16 V.I.C. § 462 is in a separate chapter entitled "Legitimation." As a result, this court need not concern itself with the issue of statutory construction.

■ As noted by the court in Lund's Estate, the common law was antagonistic to the legitimation as well as the adoption of children. Id. 159 P.2d at 647. In fact the only method of legitimation under common law in England was by special act of Parliament, and an illegitimate child was held to be filius nullius, the child of no one, without right even to the name of its natural father and without any inheritance rights. Id. Thus strict common law philosophy invoked the doctrine that the sins of the father are rightfully visited upon the children and that to do so discourages bastardy.

Today, however,

[t]he view of the common law has given way in large measure to the concept that the onus for the act of the parents cannot be visited justly upon the child and that placing responsibility for the support of the child upon the father equally with the mother, permitting it to become legitimated and to have a right to his name and to inheritance from him, will tend as well or better to deter the potential father than did the common law doctrine of irresponsibility, and at the same time conform more closely to our present ideas of justice.

Id. at 648. Thus, this court believes that by enacting 16 V.I.C. § 462 the Virgin Islands has established a public policy that favors legitimation and disavows the old common law philosophy. This is clearly evidenced by the Revision Note to 16 V.I.C. § 462, which states that section "is designed to ameliorate the rigors of the common law with respect to illegitimates." This public policy in favor of legitimation and of a recognition of the rights of illegitimate children is further demonstrated by today's inheritance, paternity and support laws of the Virgin Islands. 15 V.I.C. § 84(13), 16 V.I.C. § 297, and 16 V.I.C. § 342(5).[9]

---

[9] Title 15 V.I.C. § 84(13) provides:
    An illegitimate child shall be considered to have the same status, for the purpose of the descent and distribution of the property of his or her

■ Given this declaration of public policy the court concludes that "[c]ertainly an adult is as interested as is a minor in transmutation of status from illegitimacy to legitimacy and . . . perceive[s] no compelling reason why the policy of the state favoring legitimation of children should be cut off upon their attaining majority." In re Glick's Estate, 136 Mont. 176, 356 P.2d 987, 990 (S.Ct. 1959), citing In re Lund's Estate, supra, at 654.

Accordingly, this court construes 16 V.I.C. § 462 to apply to adult children as well as to minor children, and will grant petitioner's request for the legitimation of his adult daughter.

ORDER

This court having entered a memorandum opinion this date, it is

ORDERED that the petition be and hereby is granted, and it is

---

ancestors, as if he or she were born in lawful wedlock provided that in cases where the ancestor in question is a father, he admitted of record paternity of such child by signing the official birth certificate; or he was adjudged the father of such child by a court of competent jurisdiction; or by written acknowledgment he recognized such child as his.

Title 16 V.I.C. § 297 provides:

(a) If, in a proceeding under this chapter, it is determined that the person charged is the father of the child or if he should confess in open court that the accusation is true, the court shall adjudge him the father of the child and he shall be responsible for the maintenance of the child up to the age of 17 years, in such reasonable sums as the court may order and direct, as well as for the costs of the proceeding.

(b) In addition, the court may direct the father to pay special sums for the expense caused the mother by the birth, for the child's education, and for expenses caused by the child's sickness or death.

. . .

(e) The United States attorney shall see that all money paid by the father for the support of an illegitimate child is spent for the benefit of the child only.

Title 16 V.I.C. § 342(a)(5) provides:

(a) The following are obliged to support each other—

. . .

(5) Parents and illegitimate children who have been recognized as children by written acknowledgment of the natural parent or by decree of a competent court.

ORDERED that the petitioner Jacob Mortimer Warner is recognized as the father of Lillian Mathilda Williams, and that the said Lillian Mathilda Williams is recognized as the legitimate daughter of Jacob Mortimer Warner.