MUNICIPALITY OF ST. CROIX, Plaintiff

v.

A. E. STAKEMANN and PEDRO ROBINSON, Defendants

Escheat, No. 41

District Court of the Virgin Islands

Christiansted Sub-Judicial District
St. Croix

June 19, 1924

McKEAN, *Judge*

This is the first action in which escheat proceedings have been brought to an issue since the transfer of the Danish West Indian Islands to the United States. The

case has been brought under Title II, chapter 19 of the new Code (1921; 15 V.I.C. § 121 et seq.), much of which is borrowed from chapter 19 of Title XII (ACLA 1949, § 57-8-1 et seq.), of "The Compiled Laws of the Territory of Alaska 1913 compiled, codified, arranged and annotated and published under authority of the Act of Congress of August 24, 1912."

██ None of the volumes of the Pacific Reporter containing the cases referred to in the annotations of the said Alaskan law of escheat have yet been acquired by the law library in St. Croix, a fact which has added to the difficulties of counsel when one bears in mind the fundamental principle that when a statute has been adopted from another jurisdiction, the judicial construction already placed upon such statute by the highest courts of the place from which it is borrowed accompanies it, and is treated as incorporated therein. See Ruling Case Law, Vol. 25, page 1069, and numerous cases cited therein; and Black on Interpretation of Laws (2d. ed.) chapter XVI.

██ In the instant case, Robert O. Robinson, a native of Christiansted, St. Croix, died intestate at East Dennis, Barnstable County, Massachusetts, on November 24th, 1921. He left no known widow, parent, descendant, brother or sister, or descendant of a brother or sister surviving him. Failing such representatives the property left by the intestate in this jurisdiction escheats to the Municipality of St. Croix (Code [1921], Tit. II, chapters 16 and 17 [15 V.I.C. note prec. § 1 and § 84 note]) and the estate devolves upon the said Municipality by a canon of inheritance. Code [1921], Tit. II, ch. 16, § 1(5), ch. 17, § 1(6) (15 V.I.C. note prec. § 1, and § 84 note); ch. 19, § 1 (15 V.I.C. § 121).

██ It was suggested at the argument of this case that "The law presumes that a decedent leaves heirs or next

of kin capable of inheriting." This presumption, which is very strong where collateral kindred are capable of inheriting, is much weakened in this jurisdiction, by the fact that the canons of descent are few, and probably of unprecedentedly narrow scope; and is rebutted by the painstaking care of the Government Attorney in his search for heirs at law and next of kin, together with the fact that the Commonwealth of Massachusetts has claimed that the property here escheats to it.

■-■ It was also urged that chapter 16, of Title II, of the Code (supra), was borrowed from chapter 16, of Title XII, of the Compiled Laws of Alaska, of 1913 (see CLA 1913, § 594; ACLA 1949, § 60-1-3), containing two sections about collateral heirs, and that these sections have been omitted by mistake. It is a matter of local history that the greater part of the Code of Law of the two Municipalities of the Virgin Islands of the United States has been adopted from "The Compiled Laws of the Territory of Alaska, of 1913" — Opinion of February 19, 1924, Dudda v. Zielinski (Sub-Jud. Dist. St. T. & St. J., Nov. Term, 1923, No. 12). This Alaskan Code is frequently assumed to be of Oregonian origin because of the Act of Congress of May 17, 1884, providing a civil government for Alaska declared that the general laws of the State of Oregon then in force should be the law in the "district of Alaska, so far as the same may be applicable and not in conflict with the provisions of this act or the laws of the United States." — Act of Congress May 17, 1884, ch. 53, § 7, 23 Stat. 24. But some parts of the above-cited Compiled Laws of Alaska were subsequently adopted by Congress from other States. For example the statutes concerning Eminent Domain from which ours are adopted (CLA 1913, § 633 et seq.; ACLA 1949, §§ 57-7-1, 57-7-4 et seq; 1921 Codes of St. C., and St. T. and St. J., Title II, ch. 20, § 1 et seq.; 28

V.I.C. §§ 411-418, 418 note, 419, 420), were borrowed from the Civil Code of Procedure of Montana. Sundry provisions of the laws concerning Interest and Usury, copied in our local Codes from the Alaskan laws (CLA 1913, § 684 et seq.; ACLA 1949, § 25-1-1 et seq.; 1921 Codes St. C., and St. T. and St. J., ch. 21, § 1 et seq.; 11 V.I.C. § 951 et seq.), had been previously adopted from article 3106 of the Revised Statutes of Texas of 1895. These observations are made primarily for purposes of memoranda, in order to disabuse the minds of students and legal practitioners of the prevailing impression, that the Alaskan laws are exclusively Oregonian in their inception.

■■ To return to the omitted sections, their absence leads to no absurd or improbable results, and when the language of a statute is plain and free from ambiguity, and expresses a sensible and definite meaning, such meaning is presumed to express the intention of its enactors. It follows that there is no room for construing the omitted sections as part of the local Code. This conclusion is fortified by the fact that the omission complained of was also made by the Colonial Council of the sister Municipality. To summarize the law on this point: A clearly material and understandable change of phraseology must be taken prima facie as evidence of adaptation and not of adoption, when a statute is partly copied from a law of another jurisdiction. In accordance with these views, judgment has been entered that the property of the late Robert O. Robinson has escheated to the Municipality of St. Croix.