**MUNICIPALITY OF ST. THOMAS AND ST. JOHN,**
Plaintiff

v.

**PEDRO ROBINSON, et al.,**
Defendants

November Term, 1924

No. 2 — Escheat

Tried March Term, 1925

District Court of the Virgin Islands

St. Thomas and St. John Sub-Judicial District

April 6, 1925

**WILLIAMS,** *Judge*

This is the third of a series of three cases arising out of the Estate of Robert O. Robinson, deceased. The other two were filed in St. Croix: one in Frederiksted Sub-Judicial District, entitled "Municipality of St. Croix, Plaintiff, v. Mrs. R. E. Higgins, Executrix of the Estate of R. E. Higgins, Escheat No. 31"; the other was brought in the Christiansted Sub-Judicial District under title of "Municipality of St. Croix v. A. E. Stakemann, et al., Escheat No. 41" (1 V.I. 60).

The Court filed an Opinion in Case No. 41, in which it disposed of the issues involved in the two cases in St. Croix. The instant case involves the same questions as the said cases in St. Croix, and therefore, on the principle of stare decisis, unless there is reason to disregard it, should control the determination of the present case.

Two general questions were raised in the said St. Croix cases — namely: (1) What was the construction to be placed on the ordinances relative to the distribution of real and personal property; (2) Whether or not the said decedent left any relatives within the degrees entitled to inherit under the said ordinances. The substantial facts are set out in the Findings of Fact heretofore filed.

For practical purposes, the ordinances in the two municipalities are the same. In this sub-judicial district the descent of real property is controlled by chapter 16, of Title II, of the Code (1921; 15 V.I.C., note prec. § 1, § 84 note), and the distribution of personal property is controlled by chapter 17 of the same Code (1921, Title II; 15 V.I.C., note prec. § 1, § 84 note).

The Court was concerned particularly with the construction of subsection 2 (of section 1) of chapter 16 (1921 Code, Title II; 15 V.I.C., note prec. § 1, § 84 note),

which is read into chapter 17 (supra). That subsection reads, as follows:

"If the intestate shall leave no lineal descendants, the half of such real property shall descend to his wife, and the other half to his father, and/or mother, or to the brothers and sisters of the intestate and to the issue of any deceased brother and sister by right of representation in the order of succession herein mentioned; or if the intestate be a married woman, the half of such property shall to her husband; and the other half to her father, and/or mother, or to her brothers and sisters and the issue of any deceased brother and sister by right of representation in the order herein mentioned."

The question has been raised as to the meaning of the word "issue" as used in this chapter. The Court, in said Escheat No. 41 (Mun. of St. Croix v. A. E. Stakemann, et al., supra) held that it referred only to children of brothers and sisters: in other words, allowed inheritance only to nephews and nieces. The question was raised by one Pedro Robinson, who claimed to be a cousin of the deceased, Robert O. Robinson. Two points were made against him: (1) that he could not prove his relationship; and (2) that even if he could prove that he was a cousin of the decedent, he would not be entitled to take under the said ordinances.

The Court did not find it necessary to pass on the matter of the proof, but rested its decision on the ordinances aforesaid, holding, as has been said, that the inheritance would go no farther than to nephews and nieces, and therefore excluded cousins.

I find no controversy made in this case as to the construction of said ordinances, and therefore have concluded, as a matter of law, that the construction put upon those ordinances in the Opinion in Escheat Case No. 41 (Mun. of St. Croix v. A. E. Stakemann, et al., supra), is to be accepted as the controlling principle in this case, — and the decree will be passed accordingly.