[Civ. No. 2291. Fourth Appellate District.—April 26, 1940.]

MYRTLE ZELLER, Respondent, v. G. W. REID et. al., Appellants.

Bronson, Bronson & McKinnon, Bradley and Bradley for Appellants.

Sherrill Halbert and Frederick E. Stone for Respondent.

MARKS, J.—This is an appeal from a judgment for $3,280, entered on the verdict of a jury, for damages to plaintiff resulting from the death of Harold William Lamb, her son, who was injured in an automobile accident on November 9, 1934, and who died November 11, 1934. Harold was eighteen years and eight days old at the time of his death. At all times herein mentioned plaintiff was a resident of Ohio and Harold resided with his uncle and aunt in California.

This case has been here before. (*Zeller* v. *Reid,* 26 Cal. App. (2d) 421 [79 Pac. (2d) 449].) The principal facts of the case are there set forth and need not be repeated. On the first trial the jury returned a verdict in plaintiff's favor in the sum of $1,000. The trial court granted a motion for new trial on the question of damages only "on the grounds of the insufficiency of the evidence to sustain the verdict rendered herein". While the question of excessive damages was not before us on the former appeal, in discussing another question we observed: "When we compare the amount of the recovery in this case with the pecuniary loss suffered and proved by plaintiff, we cannot regard the award of $1000.00 as only nominal damages. Under the evidence it is a very substantial award. . . . It is obvious that a large award could not be supported by the evidence before us."

■ This is an action brought under the provisions of section 376 of the Code of Civil Procedure, by a mother, to recover damages for the death of her minor child, the father being dead. Rules governing the measure of damages in cases of this kind are well established. A plaintiff can only recover such pecuniary loss to her as is established by the evidence. This does not include damages for anguish caused by the loss of a loved one. Nothing can be recovered by way of solatium for wounded feelings and such loss may not be considered by the jury in assessing damages. However, the jury may consider the pecuniary value of the society, comfort and protection which might reasonably be expected had the child lived. The amount allowed therefor must be shown to be reasonably related to such pecuniary loss as is shown by the evidence. Ordinarily (but not here) the parent is entitled to the pecuniary value of the services of the child during minority. She is also entitled to compensation for any pecuniary loss suffered by reason of having been deprived of any pecuniary benefit reasonably to be expected from the child after his majority had he lived. Again, in fixing such pecuniary loss, the evidence must show some relation between the amount awarded and the amount which the parent might have reasonably expected the child to have contributed to her support had he lived and reached his majority. This involves his prospective earning power. (See *Morgan* v. *Southern Pac. Co.*, 95 Cal. 510 [30 Pac. 603, 29 Am. St. Rep. 143, 17 L. R. A. 71]; *Sneed* v. *Marysville Gas & Elec. Co.*, 149 Cal. 704 [87 Pac. 376]; *Johnson* v. *Southern Pac. R. R. Co.*, 154 Cal. 285 [97 Pac. 520]; *Hale* v. *San Bernardino Valley T. Co.*, 156 Cal. 713 [106 Pac. 83]; *Bond* v. *United Railroads of San Francisco*, 159 Cal. 270 [113 Pac. 366, Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687]; *Dickinson* v. *Southern Pac. Co.*, 172 Cal. 727 [158 Pac. 183]; *Parsons* v. *Easton*, 184 Cal. 764 [195 Pac. 419]; *Gilmore* v. *Los Angeles Ry. Corp.*, 211 Cal. 192 [295 Pac. 41]; *Griffey* v. *Pacific Elec. Ry. Co.*, 58 Cal. App. 509 [209 Pac. 45]; *Ray* v. *Pacific Gas & Elec Co.*, 3 Cal. App. (2d) 329 [39 Pac. (2d) 812]; *Ure* v. *Maggio Bros. Co.*, 24 Cal. App. (2d) 490 [75 Pac. (2d) 534]; *Zeller* v. *Reid, supra.*)

■ We should again remark that in the contract entered into between Mrs. Zeller and Clarence R. Lamb, under date of August 30, 1928, the mother released to Mr. Lamb the care and control of Harold and his brother during their

minority as well as the benefits from their services. As plaintiff had relinquished to another the right to the benefit of Harold's services, the prospective value of those services and his earnings during his minority could not constitute an element of damage for which the mother could recover. Mr. Lamb, not Mrs. Zeller, was entitled to the benefit of those services and earnings.

In the second trial plaintiff went into greater detail concerning her relationship with Harold than on the first trial. The evidence now shows that she visited her sons at the Lamb home in California for about eighteen months in 1925 and 1926. Mr. and Mrs. Lamb took Harold and his brother to visit Mrs. Zeller at her home in Ohio during 1928, 1930 and 1933. These visits lasted about three weeks, one month, and six weeks respectively. Harold showed himself to be a kind, dutiful and affectionate son.

Harold gave his mother a dress and coat during his visit to her in 1930. The value of these articles does not appear. In 1933 he gave her a brooch (value undisclosed) and five dollars. In August, 1934, he sent her twenty-five pounds of uncured olives. From 1928 to 1934 he sent her various presents which consisted principally of articles made by him in school. He wrote letters to her about three times a month. It is clear that Harold's contributions to his mother's support had much more sentimental than monetary value. There is no evidence that Harold would have possessed any particular earning power had he reached his majority. The amount he could have contributed to his mother's support after he became of age is left to speculation.

The trial court instructed the jury, at plaintiff's request, that: "In considering the plaintiff's pecuniary injury, you should consider the earning capacity of the plaintiff's deceased son, Harold William Lamb, after his majority as well as during his minority . . . ," and also, "That the plaintiff, as mother of the deceased, is entitled to recover damages to the extent that she has been deprived of her son's earnings, regardless of whether or not the son had worked before the accident." The same errors were carried into other instructions. As we have observed, plaintiff had relinquished her son's earnings during his minority to another. Such earnings could constitute no element of her damage. The only element of damage consisting of loss of support after majority which could be considered by the jury was that loss

which the evidence showed might be reasonably expected. As we have observed, there is practically no evidence on this question in the record.

We regard the verdict as excessive and unsupported by the evidence. It is probable that the erroneous instructions to which we have referred contributed to the size of the verdict by permitting the jury to consider one unauthorized and one unproved element of damage.

As we intimated in our former opinion, we considered the former award of $1,000 damages then made by the jury as "a very substantial award" under the evidence then before us. There is nothing in the present record to justify an increase in that award.

It is ordered that: (1) If within thirty days after the filing of this opinion plaintiff files with the clerk of this court a written agreement to the reduction of the amount of the damages awarded her to the sum of $1,000 the judgment will be reduced to that amount and will be affirmed. (2) If no such written agreement be filed within such thirty days the judgment will be reversed and the cause remanded for a new trial on the question of damages alone.

Barnard, P. J., and Griffin, J., concurred.

On May 27, 1940, the District Court of Appeal, Fourth Appellate District, entered the following order in the above-entitled cause:

THE COURT.—Plaintiff having filed her written consent to a reduction of the amount of the judgment awarded her, from $3,280 to $1,000, in accordance with our order of April 26, 1940, *ante*, p. 622 [101 Pac. (2d) 730]:

It is ordered that the judgment for damages as rendered herein be reduced from the sum of $3,280 to the sum of $1,000, and as so reduced, that judgment is affirmed. Neither party will recover costs on appeal.