**Hubert TYRILL, Plaintiff,**

v.

**ALCOA STEAMSHIP COMPANY, Inc.,
Defendant.**

United States District Court
S. D. New York.
July 18, 1958.

See also D.C., 158 F. Supp. 853.

Morris Hirschhorn, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendant, Francis X. Byrn, New York City, of counsel.

SUGARMAN, District Judge.

The defendant moves for an order "pursuant to Rule 12(b) (1) and (6) of the Federal Rules of Civil Procedure [28 U.S.C.A.] dismissing the above action on the grounds that no suit for damage may be brought against an alleged third-party until after the expiration of 90 days from the date of final decision of plaintiff's compensation claim by the Compensation Commissioner of the Virgin Islands pursuant to Title 24, Section 263 of the Virgin Islands Code or in the alternative staying prosecution of this action under Rule 65 of the Federal Rules of Civil Procedure until the above requirements of Title 24 Section 263 of the Virgin Islands Code have been fulfilled * * * "

The plaintiff was injured in a shipboard accident on October 8, 1956 at Frederiksted, St. Croix, Virgin Islands.

The nature of his injuries required his removal to the United States for treatment. It appears that he will require medical care for the rest of his life.

An order was made on January 17, 1957 by the Compensation Commissioner awarding plaintiff maximum compensation benefits under the law then applicable, i. e., 182 weeks at $20 per week. It was further ordered that "this case remain open on the docket of the Compensation Commissioner for the payment of costs involving medical attendance furnished the claimant herein, to be certified by the attending physicians in the case."

The controlling statute reads in pertinent part:

"* * * the injured workman or employee or his beneficiaries may not institute any action, * * * against the third person responsible for the damages until after the expiration of the 90 days from the decision of the case by the Commissioner. * * * "

The motion to dismiss or to stay the instant action is denied. The plaintiff has been awarded all the compensation allowed by law other than the continuing medical benefits which are required. The case has been decided by the Compensation Commissioner within the meaning of the Virgin Islands Code. To hold otherwise would be to find a legislative intent to deprive a person in the position of this plaintiff of any redress against the defendant during the remainder of his life. Benevolent legislation of this type is not to be so construed. Carmona v. De Jongh, D.C.V.I. 1958, 157 F.Supp. 540, 542.

It is so ordered.