# LYDIA WILLIAMS

### v.

### DELANO DOWLING, Appellant

## No. 13,923

## United States Court of Appeals

### Third Circuit

## Argued at Christiansted January 31, 1963

## Decided June 11, 1963

*See, also, 318 F.2d 642*

Russell B. Johnson, Esq. (Johnson & Ten Eyck), Christiansted, St. Croix, Virgin Islands, *for appellant*

James H. Isherwood, Esq., Christiansted, St. Croix, Virgin Islands (Warren H. Young of Young & Isherwood, Christiansted, St. Croix, Virgin Islands, on the brief), *for appellee*

Before MARIS, WOODBURY and HASTIE, *Circuit Judges*

MARIS, *Circuit Judge*

The defendant, Delano Dowling, appeals from a judgment of the District Court of the Virgin Islands in favor of the plaintiff, Lydia Williams, in an action brought by the plaintiff, the widowed mother of Averill Williams, to recover damages for the death of her minor son resulting from a mortal wound caused by a shot from defendant's shotgun discharged by defendant's minor half-brother, Richard Francis. The case was tried without a jury. The trial judge found that the defendant was guilty of negligence in leaving the shotgun accessible to Richard Francis and, without making any specific findings as to damages, awarded the plaintiff $5,000 plus costs and attorney's fees. On this appeal the defendant contends that the evidence does not establish any negligence on his part and that the law and the evidence do not support the award of any damages to the plaintiff.

██ The right to recover damages for wrongful death is purely statutory since no such right was given by the common law. In the Virgin Islands such a right of action is given by section 76 of title 5, V.I.C. Section 75 of title 5, V.I.C., provides for an action for injury to a minor child to be brought by his parent or guardian to recover damages for the injury which the child has suffered, and both sections 75 and 77 of the same title provide that such an action shall not abate in case the injured child subsequently

dies. In the present case Averill Williams died on his way to the hospital shortly after being shot and no claim is made on his behalf for the injury suffered by him. Accordingly sections 75 and 77 are not relevant to the case before us which must find its statutory support in section 76. The provisions of that section are as follows:

"§ 76. Action for wrongful death

"When the death of a person not being a minor, or when the death of a minor person who leaves surviving him either a husband or wife or child or children or father or mother, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the the person causing the death, or in case of the death of such wrongdoer, against the personal representative of such wrongdoer, whether the wrongdoer dies before or after the death of the person injured. If such[1] other person is responsible for any such wrongful act or neglect, the action may also be maintained against such other person, or in case of his death, his personal representatives. In every action under this section, such damages may be given as under all the circumstances of the case may be just, but shall not include damages recoverable under section 77 of this title. The respective rights of the heirs in any award shall be determined by the court. Any action brought by the personal representatives of the decedent pursuant to the provisions of section 77 of this title may be joined with an action arising out of the same wrongful act or neglect brought pursuant to the provisions of this section. If an action is brought pursuant to the provisions of this section and a separate action arising out of the same wrongful act or neglect is brought pursuant to the provisions of section 77 of this title, such actions shall be consolidated for trial on the motion of any interested party."

The revision notes to sections 75, 76 and 77 of title 5,

---

[1] The word "such" here appears to be a typographical error, since its use makes the sentence in effect a mere duplication of the preceding one. In section 377 of the California Code of Civil Procedure the word used at this point is "any" which gives the second sentence of the section its obvious meaning and purpose of permitting suit against any person other than the one whose wrongful act or neglect was the primary cause of the death, if such other person was also responsible for such wrongful act or neglect.

V.I.C., indicate that they were all taken from the California law, section 76 being taken directly from section 377 of the Code of Civil Procedure of California. Therefore, under the rule of statutory construction which the District Court has heretofore properly followed[2] in considering Virgin Islands legislation taken from other jurisdictions, we must construe section 76 to mean what the courts of California, prior to the enactment of that section, had construed section 377 of their Code of Civil Procedure to mean.

 The California courts have uniformly held that in an action under section 377 of their Code of Civil Procedure no award of damages may be made for injuries sustained or expenses incurred by the deceased prior to his death.[3] Nor may damages be awarded to the heir for the bereavement, sorrow and mental anguish which he has suffered as a result of the death.[4] Nor may exemplary or punitive damages be awarded.[5] The heir of the deceased who brings the action[6] may only be awarded damages for the wrongful death of the deceased if he is shown to have sustained *pecuniary* loss by reason of the wrongful death.[7] It is only the pecuniary losses suffered by the heir which may be considered in carrying out the mandate of section 76 to award damages which will be just "under all the circumstances of the case." Such damages may include a pecuni-

---

[2] Municipality v. Stakemann, D.C.V.I. 1924, 1 V.I. 60; James v. Henry, D.C.V.I. 1957, 3 V.I. 273, 157 F. Supp. 226. And see Starns v. Humphries, 9 Cir. 1951, 189 F.2d 357, 359.

[3] Gallup v. Sparks-Mundo Engineering Co., 1954, 43 Cal.2d 1, 271 P.2d 34, 39.

[4] Munro v. Pacific Coast Dredging & Reclamation Co., 1890, 84 Cal. 515, 24 P. 303, 305–306.

[5] Lange v. Schoettler, 1896, 115 Cal. 388, 47 P. 139.

[6] As sole surviving parent of the deceased minor child, who was unmarried, the plaintiff is his heir under section 84(3) of Title 15, V.I.C., and as such was entitled to bring an action under section 76.

[7] Bond v. United Railroads of San Francisco, 1911, 159 Cal. 270, 113 P. 366; Fuentes v. Tucker, 1947, 31 Cal.App.2d 1, 187 P.2d 752, 757. See Annotations, Measure and elements of damages for personal injury resulting in death of infant, 14 ALR2d 485; Excessiveness and inadequacy of damages for personal injury resulting in death of infant, 14 ALR2d 550.

ary loss arising from the deprivation of the society, comfort and protection of the deceased.[8] The pecuniary loss for which damages may be recovered may be either a loss arising from deprivation of something to which the heir would have been legally entitled, such as support, or may arise from a loss of benefits which under the circumstances could reasonably be expected to have accrued to the heir, even though the obligation resting on the deceased to bestow such benefits may have been a moral one only.[9] It is thus the probable pecuniary loss to the plaintiff or those in whose behalf he sues which is the measure of damages in actions under section 76.[10] But in fixing the amount of damages, the trier of the facts is always bound by the fundamental rule that pecuniary damages is the limit of recovery, and the amount allowed must, therefore, bear some reasonable relation to the loss shown by the evidence.[11]

The construction placed by the California courts upon the death statute from which section 76 was derived is summed up in Zeller v. Reid, 1940, 38 Cal.App.2d 622, 101 P.2d 730, 731, as follows:

". . . Rules governing the measure of damages in cases of this kind are well established. A plaintiff can only recover such pecuniary loss to her as is established by the evidence. This does not include damages for anguish caused by the loss of a loved one. Nothing can be recovered by way of solatium for wounded feelings and such loss may not be considered by the jury in assessing damages. However, the jury may consider the pecuniary value of the society, comfort and protection which might reasonably be expected had the child lived. The amount allowed therefor must be shown to be reasonably related to such pecuniary loss as is shown

[8] Wyseur v. Davis, 1922, 58 Cal.App. 598, 209 P. 213, 216; Hunton v. California Portland Cement Co., 1944, 64 Cal.App.2d 876, 149 P.2d 471, 474; Tyson v. Romey, 1948, 88 Cal.App.2d 752, 199 P.2d 721, 724–725.

[9] Williams v. McDowell, 1939, 32 Cal.App.2d 49, 89 P.2d 155, 157.

[10] Cossi v. Southern Pac. Co., 1930, 110 Cal.App. 110, 293 P. 663; Casselman v. Hartford Accident & Indemnity Co., 1940, 36 Cal.App.2d 700, 98 P.2d 539, 544.

[11] Dickinson v. Southern Pac. Co., 1916, 172 Cal. 727, 158 P. 183, 185; Zeller v. Reid, 1938, 36 Cal.App.2d 412, 79 P.2d 449, 450.

by the evidence. Ordinarily . . . the parent is entitled to the pecuniary value of the services of the child during minority. She is also entitled to compensation for any pecuniary loss suffered by reason of having been deprived of any pecuniary benefit reasonably to be expected from the child after his majority had he lived. Again, in fixing such pecuniary loss, the evidence must show some relation between the amount awarded and the amount which the parent might have reasonably expected the child to have contributed to her support had he lived and reached his majority. This involves his prospective earning power."

It is in the light of the rules thus laid down by the courts of California that section 76 of title 5, V.I.C., must be construed and applied by the District Court.

█ █ In the case now before us the plaintiff's complaint contains no allegations of pecuniary loss and prays only for "actual damages for her bereavement, pain and suffering, and punitive damages, all in the total sum of $5,000.00." It will at once be observed that none of the elements of damages claimed is of the kind which is recoverable under section 76. This alone, while significant as to the nature of the plaintiff's claim, would not be enough to compel reversal of the judgment if the plaintiff had offered any evidence of pecuniary loss, since Rule 15(b) of the Rules of Civil Procedure is liberal in authorizing the amendment of pleadings to conform to the evidence. But a careful reading of the record in this case fails to disclose any evidence whatever bearing upon pecuniary damage which the plaintiff claimed to have sustained or might be expected to sustain as a result of her son's death, or which would furnish support for a finding of such damages. And, as we have said, the trial judge made no findings on the subject of damages, pecuniary or otherwise. It necessarily follows that the award of damages of $5,000.00 was unwarranted and cannot stand, even though the evidence should be held to support the finding of negligence, a question upon which we need not pass.

The judgment of the District Court will be reversed.