**MR. AND MRS. BELLOT LECOINTE as heirs of Isaac Lecointe, Plaintiffs**

**v.**

**HULGO L. SCHYUNBERG, et al., Defendants**

## Civil No. 8-1967

## District Court of the Virgin Islands

### Div. of St. Croix

## June 6, 1967

*See, also, 268 F.Supp. 939*

JAMES, HODGE and TONKIN (RONALD TONKIN), Christiansted, St. Croix, Virgin Islands, *for plaintiffs*

YOUNG and ISHERWOOD (JAMES ISHERWOOD), *for Defendant* ELISHA DANIEL, Christiansted, St. Croix, Virgin Islands, *for defendants*

GORDON, *District Judge*

### MEMORANDUM OPINION

Plaintiffs have brought an action pursuant to 5 V.I.C. § 76. Defendant Elisha Daniel has interposed the affirmative defenses of Contributory Negligence and Assumption of Risk. On May 22, 1967 plaintiffs moved to strike said affirmative defenses. In plaintiffs' memorandum brief, plaintiffs assert that the child of plaintiffs having been only three years old at the time of his death, the child could not have been contributorily negligent nor have assumed a risk.

5 V.I.C. § 76 provides in part as follows:

"When the death of a person not being a minor, or when the death of a minor person who leaves surviving him either a husband or wife or child or children or father or mother, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or in case of the death of such wrongdoer, against the personal representative of such wrongdoer, whether the wrongdoer dies before or after the death of the person injured. If such other person is responsible for any such wrongful act or neglect, the action may also be maintained against such other person, or in case of his death, his personal representatives. In every action under this section, such damages may be given as under all the circumstances of the case may be just, but shall not include damages recoverable under section 77 of this title. . . ."

This cause of action, created by statute, was intended to give to heirs a right to recover for their (the heirs) pecuniary losses caused by a death.

94

". . . It is only the pecuniary losses suffered by the heir which may be considered in carrying out the mandate of section 76 to award damages which will be just 'under all the circumstances of the case'. . . ." Williams v. Dowling, 4 V.I. 465, 318 F.2d 642. It is therefore the heirs who are suing in their own (not a representative capacity) for their own pecuniary losses.

The affirmative defenses do not allege that the child was contributorily negligent and assumed the risk. They allege that the parents were contributorily negligent and assumed the risk with respect to the proximate cause of the death.

It is permissible to allege contributory negligence against a plaintiff with respect to said plaintiff's conduct respecting the proximate cause of a death under 5 V.I.C. § 76.

As to the assumption of risk defense, the Court refers to 2 Restatement of Torts 2d § 496A which sets forth the meaning of assumption of risk and its relation to contributory negligence.

"A plaintiff who voluntarily assumes a risk of harm arising from the negligent or reckless conduct of the defendant cannot recover for such harm."

"To be distinguished from these three situations is the fourth, in which the plaintiff's conduct in voluntarily encountering a known risk is itself unreasonable, and amounts to contributory negligence. There is thus negligence on the part of both plaintiff and defendant and the plaintiff is barred from recovery, not only by his implied consent to accept the risk, but also by the policy of the law which refused to allow him to impose upon the defendant a loss for which his own negligence was in part responsible."

"Relation to contributory negligence. The same conduct on the part of the plaintiff may thus amount to both assumption of risk and contributory negligence, and may subject him to both defenses. His conduct in accepting the risk may be unreasonable and thus negligent, because the danger is out of all proportion to the interest he is seeking to advance, as where he consents to ride with a drunken driver in an unlighted car on a dark night, or dashes into a burning building to save his hat. Likewise, even after accepting

an entirely reasonable risk, he may fail to exercise reasonable care for his own protection against that risk."

"The great majority of the cases involving assumption of risk have been of this type, where the defense overlaps that of contributory negligence. The same kind of conduct frequently is given either name, or both. Ordinarily it makes no difference which the defense is called. In theory the distinction between the two is that assumption of risk rests upon the voluntary consent of the plaintiff to encounter the risk and take his chances, which contributory negligence rests upon his failure to exercise the care of a reasonable man for his own protection. Where the plaintiff voluntarily consents to take an unreasonable chance, there may obviously be both."

While it can be seen that the distinction between the two defenses is fine, there is a distinction.

■■ Therefore, the two affirmative defenses are distinct and may be alleged as separate defenses, further the defenses run to the plaintiff's conduct, not the child's and said affirmative defenses are permissible defenses to an action brought under 5 V.I.C. § 76.

The motions to strike the affirmative defenses of contributory negligence and assumption of risk are denied.