**BERT L. PAIEWONSKY, Plaintiff**

**v.**

**RALPH M. PAIEWONSKY, Defendant**

## Civil No. 93-1970

## District Court of the Virgin Islands
Div. of St. Thomas and St. John

## August 12, 1970

CHRISTIAN, *Chief Judge*

MEMORANDUM

Plaintiff-wife has filed suit against her husband. The complaint consists of two causes of action, as to which there is considerable contention between the parties regarding their real nature.

The complaint is characterized generally by defendant as one seeking relief for fraud and deceit as to love and affection in the inducement of marriage. By way of a label, the action has come to be designated in the caption as an "action for fraud and wilful hurt." Plaintiff denies that her action is one based on fraud and deceit as to love and affection in the inducement of marriage. She contends that each of the causes of action grows out of wilful and outrageous conduct of the defendant which caused her mental and emotional anguish, in compensation of which damages are sought.

As authority for this type of tort, plaintiff relies on section 46 of the Restatement of the Law of Torts, 2d which reads in pertinent part,

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress. . . .

It is appropriate to mention at this juncture that the rules of law as promulgated in the Restatements may, in proper instances, be regarded as the statutory law of the Virgin Islands, for

The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary. 1 V.I.C. § 4.

There is no law of the Virgin Islands which bars an action in tort for damages based on extreme and outrageous conduct which causes severe emotional distress.

53

The case is before the Court on defendant's motion to dismiss the complaint. As ground for his motion, defendant asserts, (a) "that the complaint does not contain facts sufficient to constitute causes of action as a matter of law" and (b) "that the doctrine of 'interspousal immunity' is a total bar to the maintenance of the action." In sum then, plaintiff has moved the Court, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for the dismissal of the complaint for failure to state claims upon which relief can be granted.

I do not reach defendant's first contention, that ". . . the complaint does not contain facts sufficient to constitute causes of action . . .," for I am satisfied that the applicable statutes of the Virgin Islands have not so far removed the common law disability of one spouse to sue the other as to permit plaintiff-wife to maintain this suit against her husband.

Both sides have ably and extensively briefed the point of "interspousal disability," and the court is indebted to counsel for having given it the benefit of the latest decisional expressions in this area, as well as of the comments of several of the eminent scholars who have written in this field. No good purpose would be served in reviewing the enlightening and provocative material offered. I restrict my approach to the two propositions which emerge incontrovertible from all of the cases and writings. First, that at common law, husband and wife were one, and that a tort committed by the one spouse against the other gave no rise to a cause of action which could be maintained in any court, regardless of whether the alleged tort were negligent or wilful. The second is that this common law disability prevails to this day, unless removed by legislative enactment.

I direct my attention then to the statutory design of the Virgin Islands under the "Married Woman's Act," as

the statutes which have removed the common law disabilities of the wife have come to be popularly known.

The first codification of the laws of the Virgin Islands subsequent to the transfer of this territory from the Kingdom of Denmark to the United States of America was the 1921 code, enacted separately in each of the two then existing municipalities, the Municipality of St. Thomas and St. John and the Municipality of St. Croix. These codes were patterned after the existing statutes of the Territory of Alaska. The codes as adopted in each of the two municipalities contained some variations and differences, but they were substantially similar. In any event, this suit having been brought in the St. Thomas and St. John Division of the Court, my references to the 1921 code will be to that adopted by the Municipal Council for St. Thomas and St. John, and which continued in force and effect until the enactment, effective September 1, 1957, of the present Virgin Islands Code.

Title 2, chapter 14 of the code of laws for the Municipality of St. Thomas and St. John abrogated much of the common law disability of a married woman during coverture. In substantially the same language as the present code, it provided that the separate property of the wife was no longer to be subject to the husband's debts. It exempted the real and personal property of the wife, acquired by her own labor, even though during coverture, from liability for the debts, contracts or liabilities of the husband. The wife was made liable for all civil injuries and the husband was absolved therefrom, except as to those cases in which liability would have been joint, absent the marital status. Section 6 of that title and chapter provided that,

contracts may be made by a wife and liabilities incurred, and the same enforced by or against her to the same extent and in the same manner as if she were unmarried.

55

Section 7 repealed all laws which imposed or recognized such civil disabilities in the case of the wife which were not similarly imposed or recognized as to the husband. Under this section, the wife, in her own name, and in the same manner as her husband, could appeal to the courts for redress for any unjust usurpation of her property or natural rights.

Title 3, chapter 3 of the 1921 code provided in section 4, a wife may receive the wages of her personal labor, and maintain an action therefor in her own name and hold the same in her own right, and she may prosecute and defend all actions for the preservation and protection of her rights and property, as if unmarried.

The sections of Title 2, chapter 14 of the 1921 code were adopted in chapter 1, subchapter 3 of Title 16 of the present Virgin Islands Code. For some unexplained reason, section 7 of chapter 14 of the old code was omitted from Title 16. There is no reference to it in the history or revision notes in Title 16. Since careful explanation was given concerning all other sections omitted as obsolete, I can only hazard the guess that the omission was inadvertent. All other sections, critical in the determination of this case, were adopted. Two of the sections, said to be crucial are the present 5 V.I.C. § 72 and 16 V.I.C. § 71 (formerly Title III, chapter 3, section 4 and Title II, chapter 14, section 6, respectively, quoted above).

It is urged by the defendant that 16 V.I.C. § 71 deals only with the rights and obligations of a wife arising in contract. Plaintiff maintains, however, that the insertion of the word "liabilities" in that section so extends its breadth that it includes any and all other actions. A comparative examination of section 71 and some of the other sections of the subchapter might be fruitful.

Section 63 gave the wife the right to maintain an action for the possession or the control of her property—and this I take to be real or personal—or any other right growing

out of her property. This section must be deemed to include actions growing out of her property rights, against the husband, and even in tort. In section 62, it is decreed that neither spouse has such interest in the property of the other as would make such property liable for the "contract or liabilities" of the other. Section 66 absolved each spouse from the "debts or liabilities" of the other, incurred before marriage.

■ Section 68 may be significant because, in speaking strictly of debts or contracts and the responsibility of the wife for the debts or contracts of her husband, it omitted mention of liabilities. Section 69, however, returns to the "debts, contracts or liabilities" phraseology and also to exemptions and liabilities. Although sectional headings are not to be considered as part of a statute, it should be noted nonetheless that in the "catch-word" heading of section 70 the word "liability" is used in connection with the civil injuries committed by a married woman and the "damages" which may be recovered against her. The recurrence of the word liabilities and the decisive positions in which it is placed lead me to the conclusion that, as used in section 71, the word was intended to include tort liability. It would follow then that, under the "Virgin Islands Married Woman's Act," a wife during coverture may sue and be sued in tort as well as in contract in her own name and without the joinder of her husband as a party.

The statutory plan which evolves from a consideration of the sections of our law cited above, manifests a clear legislative intent to authorize and empower a wife to acquire and hold property in her own name, to deal at arm's length with her husband as to such property, to fully and solely manage, control and dispose of any property accumulated by her, to be personally liable for such civil injuries as she might incur, to sue, in the protection and preservation of her property and rights, and to be sued in connection with her contracts, or any other liabilities which

57

she might incur. In all of this, the wife was given the right to act as though she were unmarried. The statutes, beyond doubt, gave the wife the power to exercise these rights as against all persons, strangers to the marital union. It is not equally manifest that she was given this unlimited right with respect to her husband.

I do not consider myself privileged to read more into the statute than its words plainly suggest. Had the codifiers, in 1957, mindful of the emerging trend claimed by plaintiff as they must have been, intended to utterly and completely breach the disability of spouses to sue each other generally, they could and would have said so with unmistakable clarity. Certainly, when they came to grips with the dealings of the spouses inter sese, and wished to remove the "interspousal disability" to sue, they met and dealt with the problem without equivocation, providing in 16 V.I.C. § 63,

Should either the husband or the wife obtain possession or control of property belonging to the other, either before or after marriage, the owner of the property may maintain an action therefor, or any right growing out of the same, in the same manner and to the same extent as if they were unmarried.

It is urged that 5 V.I.C. § 72 which empowered a wife to

. . . prosecute and defend all actions for the preservation and protection of her rights and property as if unmarried.

and 16 V.I.C. § 71, providing that,

Contracts may be made by a wife, and liabilities incurred, and the same enforced by or against her to the same extent and in the same manner as if she were unmarried.

were enacted without qualifying exception, and that therefore the removal of the disability must be total and complete, thus authorizing the maintenance of this suit. Such a broad interpretation, however, is negated by the presence in the statutory scheme of 16 V.I.C. 63. Had the Legislature contemplated permitting suits between the spouses in all actions, and had it considered 5 V.I.C. § 72 and 16

V.I.C. § 71 sufficient to accomplish that purpose, what need would 16 V.I.C. § 63 serve? That section would be rendered utterly superfluous and meaningless. Moreover, the existence of section 63 considered, the maxim expressio unius est exclusio alterius indicates that any ambiguity in the statute should be resolved in favor of the more restricted interpretation which I place on the statute.

The position to which I adhere is best summarized by the United States Supreme Court in Thompson v. Thompson, 218 U.S. 611, 618–619 (1910):

"It must be presumed that the legislators who enacted this statute were familiar with the long-established policy of the common law, and were not unmindful of the radical changes in the policy of centuries which such legislation as is here suggested would bring about. Conceding it to be within the power of the legislature to make this alteration in the law, if it saw fit to do so, nevertheless such radical and far-reaching changes should only be wrought by language so clear and plain as to be unmistakable evidence of the legislative intention. Had it been the legislative purpose not only to permit the wife to bring suits free from her husband's participation and control, but to bring actions against him also for injuries to person or property as though they were strangers, thus emphasizing and publishing differences which otherwise might not be serious, it would have been easy to have expressed that intent in terms of irresistible clearness.

We can but regard this case as another of many attempts which have failed, to obtain by construction radical and far-reaching changes in the policy of the common law, not declared in the terms of the legislation under consideration."

As we have seen, these provisions of the Virgin Islands Code were lifted directly, in haec verba, from the territorial code of the then Territory of Alaska. Despite the fact that recently the Supreme Court of Alaska has, in Cramer v. Cramer, 379 P.2d 95 (Alaska 1963), liberally construed language identical to that with which we are here concerned to permit a wife to sue her husband in tort for damages resulting from injuries suffered in an automobile collision between a vehicle driven by her husband and an-

other driven by a third party, I draw support for the construction I have placed on the statute from the few cases which had interpreted those sections of the code as of the time they were adopted. See for example Decker v. Kedly, 148 Fed. 681 (9 Cir. 1906) cited in Compiled Laws of Alaska Annotated, Title XIII, chapter 3, under section 860 (our present 5 V.I.C. § 72). In denying a wife relief in an action for damages growing out of the husband's wanton refusal to supply her with necessaries, the Court said,

> . . . It is true that the statutes of Alaska, as do those of many of the states, remove certain disabilities which at common law attend the wife during her coverture, and declare that neither the husband nor the wife shall have an interest in the property of the other, provided that should either obtain the possession of the property of the other the latter may maintain an action therefor in the same manner and to the same extent as if they were unmarried, and make further provision that neither shall be liable for the other's debts. Such statutes do not mean that the husband is answerable to the wife in damages for failure to supply her with the necessaries of life, or for any other act or failure of duty connected with or arising from the marital relation, and it has never been so held. Such a right of action, it is enough to say, has not been conferred by the statutes of Alaska, is wholly at variance with the theory of the marital relation, and is unknown to English or American jurisprudence.

█ It is appropriate that, in considering Virgin Islands legislation taken from the Territory of Alaska, I construe such legislation to mean what the courts of Alaska had indicated was its import prior to the enactment of such statutes into the law of the Virgin Islands. Williams v. Dowling, 318 F.2d 642, 4 V.I. 465 (3 Cir. 1963). Carib Construction Co., Inc. v. Penn, 342 F.2d 964, 5 V.I. 180 (3 Cir. 1965).

█ It is in the light of all the foregoing that I conclude that the causes of action sought to be brought by this plaintiff may not be maintained under the laws of the Virgin Islands.

In so doing, I do not overlook the fact that,

*       *       *

. . . a strong and probably increasing minority view permits the wife to sue her husband for such harms, especially if they are intended wrongs. A few liberal decisions have permitted the action for the husband's negligence. This result seems eminently desirable. The metaphysical and practical reasons which prevented such actions at common law are no longer applicable. The danger to the family peace and tranquillity here, as in the case of suits by an infant against his parents, has been grossly overemphasized. Sound policy and ordinary fairness commend the right of the wife to recover for tortious invasions of her interests in personalty by her husband. Harper & James, Torts, as quoted from p. 29, plaintiff's Supplemental Memorandum of Law.

I recognize and appreciate the fact as urged by plaintiff that the social order on which the concept of interspousal disability was based, no longer obtains. Self v. Self, 376 P.2d 65, 66 (Cal. 1962). I call to mind also the words of the late Mr. Justice Oliver Wendell Holmes in his address on "The Path of the Law,"

It is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down has vanished long since, and the rule simply persists from blind imitation of the past.

█ Change, one is inclined to agree, is long overdue. Relief, however, must come from the Legislature. Except on clear and unmistakable authority from that body, I am bound to regard so drastic a change, as is here advocated, as beyond the competence of this Court.