**JOSEPH BERKELEY, Plaintiff**

**v.**

**WEST INDIES ENTERPRISES, INC., Defendant**

Civil No. 47-1971

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 4, 1971

THOMAS ALKON, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

LOUD & CAMPBELL, ESQS. (ROGER L. CAMPBELL, of counsel), Charlotte Amalie, St. Thomas, V.I., *for defendant*

NICHOLS & SILVERLIGHT (IRWIN J. SILVERLIGHT, of counsel), Christiansted, St. Croix, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

### MEMORANDUM

Defendant, heretofore, filed a motion to dismiss plaintiff's complaint alleging untimely commencement of the action. The Court, by Order entered the 1st day of October, 1971, denied the said motion of the defendant, reasoning that a statute which sought to impose a statute of limitation, other than the two year statute regularly provided for in 5 V.I.C. § 31(5)(A) being in derogation of the common law, was required to be couched in the most unambiguous terms. The Court finding much ambiguity in the section upon which defendant relied, namely 24 V.I.C. § 263, declined to impose the special statute of limitations as advanced by defendant.

Once more, the defendant is before the Court, this time on two motions. One seeking amendment of the Order of October 1, 1971, to state that the said Order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from that Order might materially advance the ultimate termination of this litigation. The second motion seeks reconsideration of the Memorandum and Order of October 1, 1971, as well as permission for counsel for the defendant to present additional information to the Court. I will deal with the second of the two motions only for, in view of my disposition of that motion, the first need not be considered.

It is clear that 24 V.I.C. § 263 was virtually lifted from a statute of the Commonwealth of Puerto Rico, 11 L.P.R.A.

§ 32. Counsel for the defendant, at the reargument of their motions, pointed to several cases in which the Puerto Rican statute had been construed by the Courts, not only on the level of the United States District Court for the Commonwealth of Puerto Rico but also in opinions of the United States Court of Appeals for the First Circuit, to which appeals from the District Court of Puerto Rico are taken. Among the cases cited by defendant were Flores v. A. H. Bull Steamship Co. Inc., 167 F.Supp. 841 (D.C.P.R. 1958); Morales v. Bull Steamship Co. Inc., 279 F.2d 299 (1st Cir. 1960); Guerrido v. Alcoa Steamship Co. Inc., 234 F.2d 349 (1st Cir. 1956). In each of those cases, the Court had occasion to deal with section 32 of the Commonwealth statute. Though, in each case that section was not viewed from the same vantage point or cited for the same purpose, each of the opinions unequivocally stated that section 32 did, in fact, create a statute of limitations so that an action for damages, by the injured employee, was required to be brought no later than one year after the final decision of the Manager of the Puerto Rican Workmen's Compensation Law (the Commissioner of Labor is the Virgin Islands officer, substituted in section 263 for the Manager under the Commonwealth's section 32). Additionally, there is language in Tyrill v. Alcoa Steamship Co. Inc., 164 F.Supp. 388 (D.C. S.D.N.Y. 1958) which in construing 24 V.I.C. § 263, though not holding precisely that a one year statute of limitations was created by that section, seems to point in that direction.

In circumstances such as these, the District Court of the Virgin Islands has, without exception, been guided by the rules of statutory construction which dictates that in considering Virgin Islands legislation, taken from other jurisdictions, this Court must construe such legislation to mean what the Courts of the jurisdictions from which the legislation was borrowed have determined to be the true

meaning of that legislation. This was the position of our District Court in James v. Henry, 157 F.Supp. 226, 3 V.I. 273 (D.C.V.I. 1957); Williams v. Dowling, 318 F.2d 642, 4 V.I. 465, 469 (3rd Cir. 1963); Caribe Construction Co. v. Penn, 342 F.2d 964, 5 V.I. 180, 185 (3rd Cir. 1965). I have, in the past, faithfully adhered to this rule of construction (see Memorandum, Paiewonsky v. Paiewonsky, 8 V.I. 52 (D.C.V.I. 1970) and once again, I feel compelled to do so, this despite whatever grave reservations may have been expressed in my Memorandum of October 1, 1971.

█ It having been conceded that were the one year statute of limitations applicable, plaintiff's complaint was untimely, it follows that upon reconsideration of defendant's motion to dismiss plaintiff's complaint, the said motion should be granted.

Let judgment be entered accordingly.